# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TEVIN BATTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-0007 |
| | ) Judge Aleta A. Trauger |
| G45 *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff Tevin Battle, proceeding *pro se*, has filed a civil complaint under 28 U.S.C. §1983 against defendants G45, Metro and Hollis Harbison. (ECF No. 1.) Plaintiff has also filed a supplement to the complaint. (ECF No. 4.) Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* application, and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as directed in the accompanying order.

## II. Dismissal of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### A. Factual Allegations

In his complaint, the plaintiff alleges that on January 4 or 5, 2017 defendant Harbison, who was apparently an armed security guard at the Davidson County Courthouse, asked the plaintiff to identify himself and started shouting threats at the plaintiff. (ECF No. 1 at Page ID# 6.) As the plaintiff exited the courthouse, defendant Harbison ran after the plaintiff, with his hand on his gun, "shouting gang affiliations and stating he would catch [the plaintiff] in the streets." (*Id.*) The plaintiff alleges that there is a recorded interview with Captain Ulm in which he states that he saw defendant Harbison giving a GD handshake with another person" and that he had been in the "gang unit" prior to working in G45. (*Id.*) Defendant Harbison is incarcerated in the same prison as the plaintiff. (*Id.*) In the supplement to his complaint, the

plaintiff alleges that Captain Ulm stated that he knew about defendant Harbison's gang affiliation but never took any action. (ECF No. 4 at page ID# 20.) The plaintiff alleges that defendant Harbison was a threat when he was an armed security guard on Metro grounds and that "something should [have] been done." (*Id.*)

The plaintiff alleges that he "was violated" by the defendants "breach of security" by defendant Harbison "being a gang member working on Metro grounds and being an armed security guard." (ECF No. 1 at Page ID# 6.) Additionally, the plaintiff alleges that he was verbally and physically assaulted. As relief, the plaintiff seeks appointment of an attorney to help him and monetary damages against each defendant.

B. **Standard of Review**

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

### C. Discussion

1. Defendants G45 and Metro

The plaintiff identifies G45 as a defendant, but does not explain what G45 represents. On that basis alone defendant G45 would have to be dismissed because an express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Even if the court assumes that G45 is a department within, or courtroom located at

the Davidson County Courthouse, defendant G45 would have to be dismissed. The court is a building, not an entity capable of being sued in its own right.

The plaintiff also sues Metro. Again, plaintiff fails to provide identifying information to establish what Metro represents. However, construing the plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the court assumes that the plaintiff intended to sue Davidson County or the City of Nashville. However, neither entity can be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a municipality is liable only when its official policy or custom causes the injury. *Id.*

The plaintiff does not make any express allegations against Metro, but assuming he intended to allege that the county or city is responsible for the alleged verbal and physical assault he experienced at the hands of defendant Harbison, a former employee, his allegations rest on a theory of vicarious liability and therefore do not state a claim. *Id.* The plaintiff does not suggest that a custom or practice of the county or city caused his alleged injury. As the Sureme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. The plaintiff cites no prior incidents to demonstrate a widespread pattern. He merely states that on one occasion he had an encounter with defendant Harbison who allegedly verbally and physically assaulted him. The plaintiff therefore fails to state a claim against Metro.

    2. <u>Hollis Harbison</u>

The plaintiff alleges that defendant Harbison while an armed security guard working in

G45 verbally and physically assaulted him.

Even assuming that defendant Harbison was a state actor at the time he encountered the plaintiff,[1] claims for assault sound in state, not federal law. *See e.g. Reagan v. City of Knoxville*, 692 F. Supp. 2d 891, 903 (E.D. Tenn. 2010) (defining civil assault under Tennessee law.) Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The plaintiff's assertion that defendants Harbison violated state law therefore fails to state a claim under § 1983.

To the extent that the plaintiff seeks to invoke this court's supplemental jurisdiction over a state-law claim, the court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, the plaintiff's state-law claim will be dismissed without prejudice.

---

[1] In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (*citing Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). The plaintiff has not set forth any allegations by which Harbison's conduct could be fairly attributed to the State. Even if he had, however, as discussed above, the plaintiff still would not be entitled to relief.

Even if the court were to characterize the plaintiff's assault claim as a claim for violation of the Eighth Amendment, the plaintiff would still not be entitled to relief. The plaintiff alleges that nearly a year ago defendant Harbison yelled at him, while keeping his hand on his gun, and ran after and confronted the plaintiff. An Eighth Amendment claim comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Plaintiff must prove these elements by a preponderance of the evidence. *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994). Taking the plaintiff's allegation as true, plaintiff's allegations are insufficient to state a claim because the alleged deprivation is not sufficiently grave.

## III. CONCLUSION

Because the complaint does not contain sufficient facts to allege any claims upon which relief may be granted against any defendant, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent the plaintiff raises state law claims, those claims will be dismissed without prejudice. For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

ENTER this 20th day of February 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE